UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROOKE ARNOLD,

      Plaintiff,

v.                                  Case No. 8:20-cv-2519-VMC-SPF

SOURCE SOLUTIONS
MANAGEMENT, LLC,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This action is before the Court on Defendant Source Solutions Management, LLC's failure to comply with the Order granting Plaintiff's Motion to Compel Discovery in Aid of Execution (Doc. 20), entered on October 23, 2025, and the Order to Show Cause (Doc. 25), entered on February 19, 2026 (collectively, the "Court's Orders"). The Court's Orders concern Defendant's failure to provide Plaintiff with post-judgment discovery. After a show cause hearing on March 12, 2026 (*see* Doc. 28), the undersigned recommends that the district judge enter an order holding Defendant in contempt for violating the Court's Orders and impose a daily fine until Defendant complies.

### I.    Procedural History/Certified Facts

Under 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned may certify facts to the district judge when a party's actions constitute civil contempt. Here, in accordance with § 636(e)(6)(B)(iii), the undersigned hereby certifies the following facts to the district judge.

Plaintiff sued Defendant in October 2020 for violating the Federal Debt Collection Practices Act, the Florida Consumer Collections Practices Act, and the Telephone Consumer Protective Act (Doc. 1). Defendant was served with process on November 13, 2020 (Doc. 6). At Plaintiff's request, when Defendant failed to appear or respond to the Complaint, the Clerk entered default against Defendant (Doc. 7). Plaintiff then moved for a default final judgment on April 9, 2021 (Doc. 12). At that point, counsel entered an appearance for Defendant (Doc. 13) and responded to Plaintiff's motion for default judgment (Doc. 14), stating that it did not oppose the entry of a default judgment against it but requested the judgment be reduced from $8,380.00 (which represented the statutory maximum plus attorney's fees) to $4,475.00. The Court granted Plaintiff's default judgment motion in part and entered a final default judgment against Defendant in the amount of $4.575.00, on April 28, 2021 (Docs. 15, 17).

In October 2025, Plaintiff moved to compel Defendant to respond to discovery in aid of execution under Rule 69(a)(2) (Doc. 19). Defendant, still represented by counsel at the time, did not respond to the motion. The Court granted the motion to compel on October 23, 2025 (Doc. 20), ordering Defendant to respond to Plaintiff's post-judgment discovery and reserving jurisdiction "to consider further relief or sanctions should Defendant fail to comply." Three weeks later, defense counsel filed an unopposed motion to withdraw (Doc. 21). Cautioning Defendant that "in the Middle District of Florida, a corporate entity may appear and be heard only through counsel admitted to practice in

2

the district[,]" the Court granted the motion to withdraw (Doc. 22 at 1). The Clerk mailed copies of the Order to Defendant at its last known address in Rochester, New York.[1]

Defendant did not comply with the Court's Order compelling it to respond to Plaintiff's post-judgment discovery, despite being notified of it through counsel and the Court. Consequently, on February 3, 2026, Plaintiff moved for a show cause order (Doc. 23). On February 19, 2026, the Court granted the motion in part, set a show cause hearing for March 12, 2026, and deferred ruling on Plaintiff's request for sanctions (Doc. 25). The Court ordered Defendant to appear at the hearing through both counsel and a corporate representative and specifically warned Defendant that its failure to appear could result in the Court holding it in contempt (*Id.*). The Clerk mailed copies of the show cause Order to Defendant's address on the docket (as it had all filings in the case since defense counsel's withdrawal). Plaintiff served the show cause Order on an individual she asserts is Defendant's manager, Gregory Hopkins, on March 3, 2026 (Doc. 27). Defendant did not appear at the show cause hearing (Doc. 28).

## II.    Discussion

The Federal Rules of Civil Procedure allow district courts to treat failure to comply with a discovery order as contempt of court. Specifically, Rule 37(b)(2) provides:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] This comports with Rule 5(b)(2)(C), which authorizes service of pleadings and other papers on a person's last known address.

3

Fed. R. Civ. P. 37(b)(2)(A)(vii).  Defendant is in continuous violation of the Court's Orders despite having been given several opportunities and ample time to comply. Consequently, the undersigned recommends treating Defendant's continuous and willful violation of the Court's Orders as civil contempt of court under Rule 37(b)(2)(A)(vii).

The district court has inherent power to enforce compliance with its orders through civil contempt.  "In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by 'clear and convincing' evidence that the underlying order was violated. This clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged contemnor had the ability to comply with the order."  *Grace v. Ability Recovery Servs., LLC*, No. 3:18-cv-962-J-39JRK, 2020 WL 7389918, at *3 (M.D. Fla. Jan. 13, 2020), *report and recommendation adopted*, No. 3:18-cv-962-J-39JRK, 2020 WL 7389991 (M.D. Fla. Feb. 12, 2020) (quoting *United States v. Bosset*, No. 8:07-cv-947-T-17MSS, 2008 WL 2433449, at *2 (M.D. Fla. May 16, 2008), *report and recommendation adopted as modified*, No. 8:07-cv-947-T-17MSS, 2008 WL 2445575 (M.D. Fla. Jun. 16, 2008)).  The record demonstrates that the Court's Orders are valid and lawful.  Both Orders are clear, definite, and unambiguous.  Defendant has failed to argue otherwise.  Defendant should have the information required to respond to Plaintiff's post-judgment discovery and complete the Fact Information Sheet; it is positioned to comply with the Court's Orders.  If it does not have this information, Defendant could have notified Plaintiff and requested an extension of time.  It did not.

4

Because there is clear and convincing evidence that the underlying orders were violated, the burden shifts to Defendant to "produce evidence explaining its noncompliance" and "demonstrate a present inability to comply." *Bosset*, 2008 WL 2486436, at *2 (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)).  Defendant has produced no such evidence.

Against this factual and legal backdrop, the undersigned recommends that the district judge impose sanctions under Rule 37(b)(2)(A)(vii).  Appropriate sanctions can include a "coercive daily fine." *Bosset*, 2008 WL 2486436, at *3 (citing *Citronelle-Mobile*, 943 F.2d at 1304).  Because Defendant is currently in contempt of the Court's Orders and continues to violate these Orders, a daily fine of $200.00 should be imposed.  If Defendant's failure to comply with the Court's Orders continues despite the imposition of the fine, the district judge should consider imposing sanctions against any officers responsible for the conduct of Defendant's affairs. *See Diversified Lenders, LLC v. Amazon Logistics, Inc.*, No. 8:17-mc-37-T-36AEP, 2017 WL 10350672, at *1 (M.D. Fla. Dec. 4, 2017).[2]  Defendant may at any time purge its contempt by complying with the Court's Orders, providing Plaintiff's counsel with a complete copy of the Fact Information Sheet, and filing a notice with the Court indicating it has done so.[3]

---

[2] After the magistrate judge issued the Report and Recommendation in *Diversified Lenders*, the parties resolved the sanctions issue, and Plaintiff dismissed the proceeding (see No. 8:17-mc-37-T-36AEP, Docs. 34-37).  The Report of Recommendation was vacated in light of this.

[3] 28 U.S.C. § 636(e)(6)(B) contemplates the district judge holding a show cause hearing prior to imposing a sanction, but in some cases the magistrate judge has held the hearing and recommended the sanction to be imposed. *See, e.g., Diversified Lenders*, 2017 WL

### III.   Conclusion

It is **RECOMMENDED**:

(1) An Order be entered holding Defendant in contempt for violating the Court's Orders.

(2) That the United States Marshals Service be directed to serve upon Defendant a copy of the Court's Order adopting this Report and Recommendation (should the district judge choose to do so) within 3 days after the date the Order is entered.

(3) That Defendant be given 7 days from the date the U.S. Marshal serves Defendant with the Order adopting this Report and Recommendation (should the district judge choose to do so) to comply with the Court's Orders.

(4) That if Defendant complies with the Court's Orders within the 7-day period, Plaintiff shall file a Notice indicating such compliance.

(5) That if Defendant fails to comply with the Court's Orders within the 7-day period and Plaintiff files a Notice indicating such non-compliance, Defendant shall pay $200.00 per day into the registry of the Court, beginning on the date the Notice is filed.

---

10350672, at *5; *United States v. Paul*, No. 2:11-cv-440-FtM-36, 2011 WL 8473008, at *3 (M.D. Fla. Sept. 19, 2011), *report and recommendation adopted as modified*, No. 2:11-cv-440-FtM-36, 2011 WL 8473006 (M.D. Fla. Nov. 15, 2011); *Diamond Heads, LLC v. Everingham*, No. 8:07-cv-462-T-33TBM, 2011 WL 833986, at *6 (M.D. Fla. Jan. 28, 2011), *report and recommendation adopted as modified*, No. 8:07-cv-462-T-33TBM, 2011 WL 833984 (M.D. Fla. Mar. 3, 2011). The spirit of the statute has been met because a show cause hearing was held, and Defendant was afforded an opportunity to show cause before the undersigned.

(6) That if the total fine reaches $3,000.00 and Defendant still has not complied with the Court's Orders, the Court consider, upon Plaintiff's motion, whether to impose sanctions against any officers responsible for the conduct of Defendant's affairs.

(7) That Defendant be advised that it may at any time purge its contempt by complying with the Court's Orders, providing Plaintiff's counsel with a complete copy of the Fact Information Sheet, and filing a notice with the Court indicating it has done so.

**IT IS SO REPORTED** in Tampa, Florida, on March 16, 2026.

_____

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 31.